■ In the Matter of the Claim of JAMES B. HIBBEN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 26, 1982, which ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. The board sustained the original decision of the Commissioner of Labor which held claimant was not entitled to benefits because he resigned his position for purely personal and noncompelling reasons. Following the decision of the administrative law judge, claimant was paid $3,250 in benefits. This amount was the maximum amount payable under the law (Labor Law, § 590, subd 4), inasmuch as the extended benefits provision of section 601 of the Labor Law was not operative

at the time claimant was receiving benefits. Nonetheless, the Labor Department has concluded that the benefits paid are not recoverable. Accordingly, since it is undisputed that the maximum allowable benefits have been paid and that claimant shall not be required to repay any of these amounts, his appeal has been rendered academic for no viable controversy remains to be resolved (see *Matter of Leibowitz [Board of Educ. — Roberts]*, 89 AD2d 637).[*] Appeal dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

---

[*] We note that by legislation effective September 5, 1983, the commissioner may have a right of action for recovery of the benefits paid (see L 1983, ch 415, §§ 9, 26, subd 2). In light of the commissioner's concession by letter dated August 11, 1983 (after the legislation was passed) that "[c]laimant will not be required to repay the benefits received", we need not consider the effect of the recent legislation on this appeal.